**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KEVIN PIERRE** | **CASE NO.  6:25-CV-01558** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **B N S F RAILWAY CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court are several motions: (1) "BNSF Railway Company's Second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)"[1] (Doc. 22); (2) "Amtrak's Second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Doc. 23);[2] (3) "Plaintiff's Motion for Leave to File Second Amend [sic] Complaint" (Doc. 34); and "Plaintiff's Motion to Continue Doc. 29 Briefing Schedule" (Doc. 43).  Additionally, the City of Patterson has joined and adopted both Motions for Summary Judgment (Doc. 32).[3] As noted in the footnotes, the Rule 12(b)(6) Motions have been converted to Rule 56 Motions for Summary Judgment.

## BACKGROUND

Plaintiff, Kevin Pierre, Sr. brings this action individually and on behalf of the decedent, Keven T. Pierre. In his First Amended Complaint, Plaintiff names as Defendants, BNSF Railway Company ("BNSF"), National Railroad Passenger Corporation d/b/a

---

[1] This Motion was originally filed as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure but thereafter converted to a Motion for Summary Judgment.

[2] This Motion was originally filed as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure but thereafter converted to a Motion for Summary Judgment.

[3] Docs. 32 and 33.

Amtrak ("Amtrak"), and City of Patterson, Louisiana ("Patterson"), John Doe,[4] and Jane Doe.[5]

Plaintiff alleges that on or about August 12, 2024, Keven T. Pierre was struck and killed by a train operated by Amtrak on the track belonging to BNSF in the Patterson, Louisiana. The now deceased was walking along what is allegedly a crossing that was widely used by pedestrians when he failed to hear the oncoming train whistle and was struck.[6]

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State*

---

[4] The operating conductor of the Amtrak.
[5] The operating engineer of the Amtrak.
[6] Doc. 20, ¶ 5, p. 4.

*Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### LAW AND ANALYSIS

Defendants make the same arguments in their motions. Specifically, Defendants contend that Plaintiff's claims against them should be dismissed because he lacks prudential standing. Defendants argue that Plaintiff has failed to allege that he is filiated to the decedent.

"[P]rudential standing does not present a jurisdictional question, but 'a merits question: who, according to the governing substantive law, is entitled to enforce the right?'" *Abraugh v. Altimus,* 26 F.4th 298, 304 (5th Cir. 2022) (quoting *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017)). Prudential standing requires a party to assert his "own legal rights and interests." *In re Deepwater Horizon*, 857 F.3d 246, 252 (5th Cir. 2017) (citing *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004)). Federal Rule of Civil Procedure 17 requires that "an action must be prosecuted in the name of the real party in interest." Federal

Rule of Civil Procedure 17(a)(1). A violation of this rule is a failure of prudential standing. *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999) (citing Fed. R. Civ. P. 17(a)). Accordingly, prudential standing "goes to the validity of the cause of action." *Abraugh*, 26 F.4th at 304 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4, (2014)).

Louisiana Civil Code articles 2315.1, governs survival actions, and 2315.2, governs wrongful death claims; these statutes provide a cause of action to certain classes of individuals who survive a tort victim and operate in favor of the following, exclusive, list of beneficiaries:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

Louisiana Civil Code arts. 2315.1 & 2315.2. "An essential element of a claim under articles 2315.1 and 2315.2 is a particular biological relationship between the plaintiff and the decedent." *Lopez v. McDermott, Inc.,* 2019 WL 6464973, at *3 (E.D. La. Dec. 2, 2019). The Supreme Court of Louisiana has "repeatedly applied the filiation provisions of the Code to determine the proper beneficiaries for wrongful death and survival actions." *Udomeh v. Joseph,* 103 So. 3d 343, 347 (La. 10/26/12). "Accordingly, we conclude the filiation provisions of La. Civ. Code art. 198 apply to actions under La. Civ. Code arts. 2315.1 and 2315.2."

Filiation is the legal relationship between a child and his parent. Louisiana Civil Code art. 178. There are several ways to prove filiation, or legal paternity, between a child and his father. First, if the mother and father are married when the child is born, "[t]he husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage." Louisiana Civil Code Ann. art. 185. Second, when "[a] man who marries the mother of a child not filiated to another man and who, with the concurrence of the mother, acknowledges the child by authentic act is presumed to be the father of that child." *Id.* art. 195. Next, "[a] man may institute an action to establish his paternity of a child . . . ." *Id.* art. 198.

When decedent was born in 1996,[7] article 203 of the Louisiana Civil Code provided that "a presumption of paternity was created only when there was an acknowledgment made by *signing* of the registry of birth or baptism . . . ." Louisiana Civil Code Ann. art. 196, cmt. (b) (emphasis added). "The fact that a father is named in or on a birth certificate is not considered a formal acknowledgment or declaration of paternity unless the father *signs* the certificate." *Matter of Succession of Brown*, 522 So. 2d 1382, 1385 (La. Ct. App. 1988) (citing *Succession of Theriot,* 428 So. 2d 1017, 1019 (La. Ct. App. 1983)) ("We interpret the amended version of La. Civ. Code art. 203 to be fulfilled if the natural parent signs the certificate of birth or baptism as a parent, finding that such signature is tantamount to a declaration of filiation."); *In Re Martin,* 357 So. 2d 893, 894 (La. Ct. App. 1978)

---

[7] Doc. 20-1.

("Although the natural father's name was given on the birth certificate, there is no contention that he signed it.").

Prior to the Motion for Leave to File Second Amended Complaint being filed, Defendants maintained that Plaintiff had not alleged that (1) he and decedent's mother were married at the time of his birth, (2) Plaintiff had not alleged that he acknowledged the decedent by authentic act, (3) Plaintiff had not alleged that he instituted an avowal action, and (4) Plaintiff had not alleged that he signed Decedent's birth certificate. Defendants remark that Plaintiff does allege that he is the biological father of decedent, his name is on the birth certificate, and he has always been involved in decedent's life. As noted by Defendants and the above-cited law, none of these acts are sufficient to establish Plaintiff's filiation to the decedent.

As to the instant Motions for Summary, Plaintiff remarks that he has a Motion for Leave to file a Second Amended Complaint now pending before the Court, which alleges that Plaintiff (1) signed the deceased's birth certificate, (2) Plaintiff married decedent's mother within a year of his birth, and (3) Plaintiff executed an authentic act acknowledging his paternity. Attached to Plaintiff's proposed Second Amended Complaint[8] is the same birth certificate previously filed into the record, Plaintiff's marriage certificate, an Affidavit, and an Incident Report.

Plaintiff argues that filiation is proven by these documents. Noting that the aforementioned birth certificate is not signed, Plaintiff contends that there is a genuine

[8]

issue of material fact for trial as to whether or not Plaintiff signed the birth certificate based on Plaintiff's affidavit stating same.[9] Plaintiff remarks that neither the mother or the father's signature is listed on the birth certificate, which creates a genuine issue of material fact, and/or Plaintiff should be recognized as decedent father based on the summary judgment evidence submitted by Plaintiff.

Defendants first ask the Court to not grant Plaintiff leave to file the proposed Second Amended Pleading. Defendants argue that the Plaintiff failed to file the Second Amended Complaint by the deadline ordered by this Court. On February 13, 2026, this Court converted Defendants' Motions to Dismiss into Motions for Summary Judgment and ordered Plaintiff to file the Second Amended Complaint no later than March 16, 2026.[10] Plaintiff failed to file the Second Amended Complaint on March 16, 2026, and Defendants filed their summary judgment pleadings on March 30, 2026.[11] Plaintiff then filed his Motion for Leave to File the Second Amended Complaint on April 6, 2026, which is currently before the Court.[12]

Plaintiff faults the Court with issuing the February 13, 2026 Order on the Friday before the Mardi Gras holiday, which caused his failure to calendar the due date to file the Second Amended Complaint.

Defendants argue that Plaintiff has failed to establish "good cause" and "excusable neglect." Federal Rule of Civil Procedure 6(b)(1)(B). Rule 6(b)(1)(B) provides that

---

[9] See Affidavit, Doc. 34-6.
[10] Doc. 29.
[11] Docs. 30, 31, 32.
[12] Doc. 34.

"[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Federal Rule of Civil Procedure 6(b)(1)(B).

"Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Paul v. Williams*, 2019 WL 1546947, at *4 (M.D. La. Apr. 9, 2019) (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)). The factors relevant to the "excusable neglect" inquiry include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. See *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161-62 n.8 (5th Cir. 2006).

Defendants argue that Plaintiff's failure to calendar the deadline is not "good cause," and cites several cases in support. "[M]ere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.'" *Pratt Paper (LA), LLC v. JLM Advanced Tech. Servs., Inc.*, 2016 WL 5854235, at *2 (W.D. La. Oct. 6, 2016). Mistake of counsel, inadvertence, misinterpretation of deadlines, and failure to calendar court orders do not constitute "good cause". See *McManus v. St. Tammany Par. Jail*, 2023 WL 5767712, at *1 (E.D. La. Aug. 2, 2023); *Griffin v. City of Alexandria*, 213 F.R.D. 278, 280 (W.D. La. 2003). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir.

2010). The party seeking an extension bears the burden of demonstrating excusable neglect. *Pennino v. Reilly-Benton Co., Inc.*, No. 21-363, 2022 WL 2467685, at \*1 (E.D. La. July 6, 2022).

Defendants also cite supportive cases in their argument that Plaintiff's action of missing the deadline does not establish excusable neglect. See *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 407 U.S. 380 (1993) (giving little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date). Defendants also note that the Order issued by the Court was not "non-standard" or ambiguous and Plaintiff missed the deadline by 21 days.

Here, the Court agrees that Plaintiff's excuse of the Mardi Gras holiday does not establish "good cause" or excusable neglect." "[S]imple inadvertence or mistake of counsel of ignorance of the rules usually does not suffice." *Thrasher v. City of* Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). "Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.'" *Pratt Paper (LA), LLC v. JLM Advanced Tech. Servs., Inc.*, 2016 WL 5854235, at \*2 (W.D. La. Oct. 6, 2016) (citation omitted). See also *McManus v. St. Tammany Par. Jail*, 2023 WL 5767712, at \*1 (E.D. La. Aug. 2, 2023) (denying a motion to continue deadlines based on a scheduling error causing inadvertent missing of deadlines); *Griffin v. City of Alexandria*, 213 F.R.D. 278, 280 (W.D. La. 2003) (finding no good cause was shown where counsel's error in missing a pre-trial conference was due to an alleged error made by counsel's paralegal in misfiling the court's order).

The Court will not set a precedent here that allows holidays to justify failures to calendar significant deadlines set by the Court and finds that Plaintiff has failed to meet his burden of "good cause" and "excusable neglect."

Additionally, Defendants argue that Plaintiff's repeated Motion for Leave to cure the deficiencies is futile. See *Marucci Sports, L.L.cl. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Defendants remark that Plaintiff's First Amended Complaint failed to cure the deficiencies and likewise, so does his Second Amended Complaint.

First, the unsigned birth certificate is insufficient to satisfy the authentic act requirement for formal acknowledgment, and Plaintiff's "Affidavit" is of no moment because it is perempted. See generally, *Matter of Succession of Brown,* 522 So. 2d 1382, 1385 (La. Ct. App. 1988), La. Civ. Code art. 198, *Naghi v. Brener,* 17 So. 3d 919, 925 (La. 6/26/09).

Next, Defendants argue that Plaintiff's reliance on Louisiana Civil Code article 195 also fails. Article 195 provides that a man who marries the mother of a child not filiated to another man and who, with the concurrence of the mother, acknowledges the child by authentic act, is presumed to be the father of that child. However, comment (e) to article 195 makes clear that "…the concurrence of the mother required by this Article is a juridical act." Despite Plaintiff's evidence that he married decedent's mother, Plaintiff has not submitted the concurrence of decedent's mother by a juridical act and both of the "authentic acts" that Plaintiff relies upon are not sufficient.

Louisiana Civil code article 196, cmt. (b) provides that a presumption of paternity is created only by the signing of the registry of birth or baptism. "The fact that a father is

named in or on a birth certificate is not considered a formal acknowledgment or declaration of paternity unless the father *signs* the certificate." *Matter of Succession of Brown*, 522 So. 2d 1382, 1385 (La. Ct. App. 1988) (citing *Succession of Theriot,* 428 So. 2d 1017, 1019 (La. Ct. App. 1983) ("We interpret the amended version of La. Civ. Code art. 203 to be fulfilled if the natural parent signs the certificate of birth or baptism as a parent, finding that such signature is tantamount to a declaration of filiation."). Here, Plaintiff has failed to submit as summary judgment evidence of a signed birth certificate or baptism.

Plaintiff also attempts to rely on his authentic act[13] dated April 1, 2026. Defendants argue that the authentic act is untimely. Article 198 provides "[i]n all cases, the action [to establish paternity] shall be instituted no later than one year from the day of the death of the child." Louisiana Civil Code art. 198. The time period is peremptive.

Defendants note that the decedent died on August 12, 2024, so Plaintiff's right to institute an act to establish paternity was extinguished on August 12, 2025. Defendants contend that Plaintiff's authentic act executed on April 1, 2026, is too late and because the time period is peremptive, the "relation back of an amended or supplemental pleading . . . is not allowed to avoid the running of a peremptive period." *Naghi v. Brener,* 17 So. 3d 919, 925 p. 10 (La.6/26/09). The Court agrees that Plaintiff has failed to establish paternity by the April 1, 2026 Affidavit.

Defendants argue that Plaintiff's proposed Second Amended Complaint fails to establish his filiation with the deceased, therefore, the amendment is futile. The Court

---

[13] Doc. 34-6.

finds that even if it found that Plaintiff has established good cause and excusable neglect, the proposed Second Amendment would not cure the deficiencies presented by Defendants concerning Plaintiff's filiation with the decedent.

## CONCLUSION

For the reasons explained herein, the Court will deny Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 34) and Motion to Continue Briefing Schedule (Doc. 43) and will grant BNSF Railway Company's Second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)[14] (Doc. 22), and Amtrak's Second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 23), and joins the City of Patterson in the two aforementioned Motions for Summary Judgment. (Doc. 32), dismissing Plaintiff's claims, both individually and on behalf of decedent, against Defendants BNSF, Amtrak and the City of Patterson.

**THUS DONE AND SIGNED** in chambers on this 23rd day of April, 2026.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[14] This Motion was originally filed as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but thereafter converted to a Motion for Summary Judgment.

Page **12** of **12**